**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| FN HERSTAL, S.A., and FN AMERICA, LLC, | Civil Action No.: 3:24-7589-JFA |
| Plaintiffs, | |
| v. | |
| | **COMPLAINT** |
| P.W. ARMS, INC. d/b/a PANZER ARMS USA, | *(Jury Trial Demanded)* |
| Defendants. | |

Plaintiffs FN Herstal, S.A. ("FNH") and FN America, LLC ("FNA") (collectively "Plaintiffs" or "FN"), for their Complaint against Defendant, P.W. Arms, Inc., ("Defendant" or "P.W. Arms") allege as follows:

1.     This is an action for trademark infringement under the Lanham Act, 15 U.S.C. § 1114, federal unfair competition under the Lanham Act, 15 U.S.C. § 1125, unfair and deceptive trade practices under South Carolina's Unfair Trade Practices Act, S.C. Code §§ 39-5, *et seq.*, South Carolina's common law trademark infringement and unfair competition; and design patent infringement pursuant to 35 U.S.C. § 271(a).

2.     P.W. Arms enacted a scheme to copy FN's SCAR firearm and sell a "clone" with an infringing design and infringing name to trade off FN's goodwill and confuse the market as to the source of P.W. Arms' copycat firearm and its affiliation with FN, even using FN's house mark on Panzer's packaging and website.

## PARTIES

3.      Plaintiff FNH is a corporation organized and existing under the laws of Belgium, with its principal place of business located at Voie de Liège 33, B-4040 Herstal, Belgium.

4.      Plaintiff FNA is a limited liability company organized under the laws of Delaware, having a principal place of business located at 7950 Jones Branch Drive, Suite 602N, McLean, Virginia.

5.      Defendant P.W. Arms is a corporation organized and existing under the laws of the State of Washington, with its principal place of business located at 1 Lacey Place, Southport, Connecticut 06890.

6.      P.W. Arms owns and operates Panzer Arms USA as a d/b/a and uses it to advertise and sell firearms and accessories throughout the United States.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over the federal Lanham Act claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121; subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, including 35 U.S.C. § 1 *et seq*. and the Lanham Act, including 15 U.S.C. § 1125(a); and has subject matter jurisdiction over the state law claims under 28 U.S.C. §§ 1338(b) and 1367 because such state law claims are joined with substantial and related claims under the Patent and Trademark Laws of the United States and form part of the same case or controversy.

8.      This Court has personal jurisdiction over P.W. Arms because the company regularly conducts business in this judicial District and has committed acts of trademark infringement, patent infringement, unfair competition, and unfair and deceptive trade practices affecting commerce in this District including, among other things, offering for sale and selling products in this District bearing trademarks that infringe upon FN's trademark rights and that

infringe upon FN's design patents. Further, P.W. Arms has affected commerce and impacted consumers in South Carolina and this judicial District and elsewhere.

9.      P.W. Arms' infringing products are offered for sale throughout this District and are sold to consumers throughout this District.

10.     Venue properly lies in this District pursuant to 28 U.S.C. § 1391 as these causes of action arise as a result of P.W. Arms' actions in doing and transacting business in this District and offering to sell its products or making its infringing products available or by promoting the infringing mark to prospective purchasers within this District, and marketing its services and products to prospective purchasers within this District.

## FACTS

### *FN and its FN Trademark*

11.     FNH is a long-established and famous firearms and weapons manufacturer whose history dates back to 1889. FNH manufactures and distributes a full range of firearms and accessories for defense, law enforcement, hunting, marksmanship and for persons having an interest in acquiring such firearms and accessories.  FNH engages in designing, testing, manufacturing, marketing, and selling light and portable weapons, integrated weapons systems, ammunition, and associated products, with many such products in widespread worldwide distribution, often with items particularized for military and law enforcement operations. FNH continues to focus on innovation and product improvements, resulting in products being renowned and used throughout the world.

12.     FNA is a wholly owned subsidiary of FNH that manufactures, assembles, markets and sells firearms and related items to commercial, law enforcement, and U.S. Government

customers in the United States. FNA is well regarded for selling high quality firearms and products for the military, law enforcement and commercial markets.

13.     FNH and FNA manufacture, distribute, and sell firearms and related items under the Trademark "FN." FNH owns trademark registrations for FN and similar marks in over 37 countries, with some registrations dating back as early as 1968. ***See*** **Exhibit 1** (Comprehensive list of trademarks owned by FNH comprised of FN). References to the "FN Mark" will incorporate versions of the mark where the mark FN appears as a portion of a trademark, and which also appears in stylized forms, or which incorporates other words, letters, numbers and/or design features. Hereinafter, the FN trademark including its federal registration for such trademark (identified hereinbelow) shall be defined as the "FN Mark."

14.     FN uses the FN Mark in various different ways as a brand identifier in relation to its goods and services. For example, firearms sold by FN will include the FN Mark on the barrel or side of the firearm, as shown in the example below[1]:



---

[1] Image captured from https://fnamerica.com/products/discontinued-rifles/fn-scar-17s/ a true and correct copy of which is attached hereto as **Exhibit 2** (last accessed December 20, 2024).

15.     FNH has sought to protect FN's valuable rights in the FN Mark for the items sold under this trademark. FNH is the owner of valid and subsisting United States Trademark registrations on the Principal Register in the United States Patent and Trademark Office, including the U.S. Registration No. 4,531,259, filed on February 4, 2013, and issued on May 20, 2014 (the "FN Registration"). The FN Registration is attached hereto as **Exhibit 3.**

16.     The FN Registration is in full force and effect, and has achieved "incontestable" registration status under 15 U.S.C. § 1065.

17.     The priority date for the FN Registration is October 10, 2012. *See* **Exhibit 3.**

18.     The FN Registration covers goods identified as "*Firearms, Ammunition and Projectiles; Assault Rifles; Cases and Sheaths for Assault Rifles; Noise Suppressors for Assault Rifles; Noise Suppressors for Weapons, Namely, Pistols, Guns, Firearms, Handguns, Shotguns, Machine Guns and Grenade Launchers; Non Telescopic Sights for Firearms and Assault Rifles; Firing Bipods, Tripods and Platforms*" in International Class 13.

19.     FN's rights in the FN Mark stretch across multiple classes of goods and services. Due to the recognition of the FN Mark, consumers have demanded even non-firearm replicas of the firearm associated with the FN Mark. As such, the FN Registration also covers replica firearms and related products in International Class 28.

20.     By reason of FNH's trademark registrations and FN's extensive promotion and sales of products under the FN Mark, the FN Mark has acquired great recognition and renown in the relevant trade, and prospective purchasers have come to recognize goods and services under the FN Mark as emanating exclusively from FN. As a result of its widespread, continuous, and exclusive use of the FN Mark to identify its goods and FN as their source, FNH owns valid and subsisting federal statutory and common law rights to the FN Mark.

*FN's SCAR Trademark*

21.     FNH also manufactures, distributes, and sells firearms and related items under the trademark SCAR. Hereinafter, the SCAR trademark including the two federal registrations for such trademark (identified below) shall be defined as the "SCAR Mark."

22.     FNA manufactures, assembles, markets and sells firearms and related items to commercial, law enforcement, and U.S. Government customers in the United States under the SCAR Mark, including SCAR branded firearms at its Columbia, South Carolina production facility.

23.     In or around 2004, the United States Special Operations Command ("USSOCOM") awarded FNH a ten-year contract, placing a large initial order for SCAR-branded firearms. From that point forward, the U.S. Military regularly used SCAR-branded rifles.

24.     In or around 2005, FNH also began promoting its SCAR-branded rifle to law enforcement and civilians. Throughout 2005 and 2006, FNH showcased its military SCAR-branded rifle at hundreds of trade shows, including one of the largest firearms shows in the world, the Shooting, Hunting, and Outdoor Trade Show ("SHOT Show"), as well as National Rifle Association shows, the National Defense Industrial Association Small Arms forum, the Association of the United States Army show, International Chiefs of Police shows, the National Sheriff Show, the Mock Prison Riot, the SWAT Round Up, the Police and Security Expo, and others.

25.     After years of research, testing, and regulatory approval, FNH released the civilian version of the SCAR-branded rifle in November 2008. Since then, FN's SCAR Mark has been in continuous use in the United States. FN has extensively promoted and sold these items under the SCAR Mark in the United States and globally.

26. FN uses the SCAR Mark in various different ways in relation to its goods and services, including on the side of the firearm itself as shown for example below.[2]



27. FN also uses the SCAR Mark on its website to promote its SCAR-branded firearms, as illustrated for example in the images below.[3]



---

[2] Image captured from https://fnamerica.com/products/fn-scar-series/fn-scar-20s-nrch/, a true and correct copy of which is attached hereto as **Exhibit 4** (last accessed December 20, 2024).

[3] Images captured from https://fnamerica.com/scar/, last accessed December 20, 2024.



28.     FN also utilizes the SCAR Mark on related goods such as carrying cases for SCAR-branded firearms, as shown for example below.[4]



29.     FNH has sought to protect FN's valuable rights in the SCAR Mark for the items sold under this trademark. FNH is the owner of valid and subsisting United States Trademark registrations on the Principal Register in the United States Patent and Trademark Office, including

---

[4] Image captured from https://fnamerica.com/products/fn-scar-series/fn-scar-15p/, a true and correct copy of which is attached hereto as **Exhibit 5** (last accessed December 20, 2024).

the following: U.S. Registration No. 5,314,134, filed on April 22, 2008, and issued on October 24, 2017; and U.S. Registration No. 4,100,728, filed on January 13, 2011, and issued on February 21, 2012 (together "SCAR Registrations"). The SCAR Registrations are attached hereto at **Exhibit 6** and **Exhibit 7**, respectively.

30.    The SCAR Registrations are in full force and effect, and both registrations have achieved "incontestable" registration status under 15 U.S.C. § 1065.

31.    The priority date for Registration No. 5,314,134 is November 12, 2007, and the priority date for Registration No. 4,100,728  is September 8, 2010.  *See* **Exhibits 6 & 7.**

32.    Further, reviewing courts have confirmed FN's rights in the SCAR Mark. *See FN Herstal, S.A. v. Clyde Armory, Inc.,* 123 F. Supp. 3d 1356 (M.D. Ga. 2015), *aff'd*, 838 F.3d 1071 (11th Cir. 2016), *cert. denied*.

33.    FN's Registration No. 5,314,134 covers goods identified as "*Firearms, ammunition and projectiles; assault rifles; explosives; detonators; ballistic weapons; cases and holsters for rifles and handguns; noise-suppressors for guns; non-telescopic sights for firearms; firing platforms in the nature of supports*" in International Class 13.

34.    FN's rights in the SCAR Mark stretch across multiple classes of goods and services. Due to the recognition of FN's SCAR Mark, consumers have demanded even non-firearms replicas of the firearm associated with the SCAR Mark. As such, Registration No. 4,100,728 covers replica firearms and related products in International Class 28.

35.    By reason of FNH's trademark registrations and FN's extensive promotion and sales of products under the SCAR Mark, the SCAR Mark is well known and recognized in the relevant market, and prospective purchasers have come to recognize goods and services under the SCAR Mark as coming exclusively from FN. As a result of its widespread, continuous, and

exclusive use of the SCAR Mark to identify its goods and FN as their source, FNH owns valid and subsisting federal statutory and common law rights to the SCAR Mark.

***FN and its Design Patents***

36.    In addition to its trademarks, FNH also maintains rights in the look and ornamental design of the SCAR firearm via two valid Design Patents

37.    On July 19, 2011, United States Patent No. D641,824 (the "'824 Patent") entitled "Assault Rifle" was duly and legally issued to FNH by the United States Patent and Trademark Office. A true and accurate copy of the '824 Patent is attached hereto and incorporated herein by reference as **Exhibit 8**.

38.    The '824 Patent issued from Application No. 29/363,427 filed with the USPTO on June 9, 2010, and the '824 Patent is and has been at all times since its date of issue, valid and enforceable.

39.    On July 19, 2011, United States Patent No. D641,825 (the "825 Patent") entitled "Assault Rifle" was duly and legally issued to FNH by the United States Patent and Trademark Office. A true and accurate copy of the '825 Patent is attached hereto and incorporated herein by reference as **Exhibit 9**.

40.    The '825 Patent issued from Application No. 29/363,428, filed with the USPTO on June 9, 2010, and the '825 Patent is and has been at all times since its date of issue, valid and enforceable.

41.    The '824 Patent and the '825 Patent (collectively the "FN Design Patents") are presumed valid.

42.    The FN Design Patents claim, *inter alia,* the ornamental appearance and visual characteristics of the FN SCAR rifles.

43.     FN makes, distributes, offers to sell, and sells, among other things, certain firearms that incorporate FN's intellectual property, including the designs claimed in the '824 Patent and '825 Patent, which are sold under the SCAR Mark ("the "SCAR Rifles"). The photograph below is one example of an FN rifle offered under its SCAR Mark[5]:



***Defendant P.W. Arms's Willful Infringement of the FN and SCAR Trademarks***

44.     Notwithstanding FN's well-known and established rights in the FN Mark and the SCAR Mark, P.W. Arms has blatantly used both the "FN" and "SCAR" trademarks in connection with the sale and advertising of its "SCRXII" Tactical Shotgun (the "SCRXII Shotgun").

45.     On April 1, 2022, commonly referred to as "April Fool's Day," FNA made a post across numerous social media platforms announcing the release of the "FN SCAR 12" shotgun family. One such post, made on the platform "X" (formally "twitter") garnered over 400,000 views from X users:[6]

---

[5] Image captured from https://fnamerica.com/products/rifles/fn-scar-17s-nrch/, a true and correct copy of which is attached hereto as **Exhibit 10** (last accessed December 20, 2024).

[6] Image captured from https://x.com/FN_America/status/1642158119860961281, a true and correct copy of which is attached hereto as **Exhibit 11** (last accessed December 20, 2024).



46.     At the time, FNA did not actually intend to release a new family of shotguns under the FN and SCAR Mark, but rather made this post as a prank for April Fool's day as large corporations often do to engage with and seek views and positive interactions from their relevant consumer base.

47.     To FNA's surprise, public perception to FNA's "prank" announcement was better than anticipated, with many consumers leaving comments expressing excitement and anticipation for the release, unaware that the post was an April Fool's Day joke and hoping that FNA would actually release a family of shotguns under the FN or SCAR Mark. Numerous consumers left

comments suggesting that they would purchase an FN or SCAR shotgun immediately if given the chance to do so as illustrated below.[7]



48.    Despite FN's obvious and well-known rights in its trademarks, P.W. Arms initiated a plan to create and sell a copycat firearm. At the 2024 SHOT Show, P.W. Arms, for the first time, publicly announced and began to promote the SCRXII Shotgun, shown below by social media posts from Panzerarmsusa (P.W. Arms' Social Media account), attached hereto as **Exhibit 13.**

---

[7] Images captured from
https://www.reddit.com/r/FNSCAR/comments/128tfe4/guys_tell_me_its_not_true/, a true and correct copy of which is attached hereto as **Exhibit 12** (last accessed December 20, 2024).



49.     P.W. Arms' SCRXII Shotgun is a direct and intentional effort to trade off of the goodwill associated with the FN and SCAR Mark. The SCRXII Shotgun's name, the digital advertising of the SCRXII Shotgun, and the packaging of the SCRXII Shotgun each include numerous unauthorized and infringing uses of the FN and SCAR Mark intended to intentionally deceive and confuse customers as to the source and manufacture of the SCRXII Shotgun.

50.     The SCRXII Shotgun is obviously named in reference to FN's April Fool's day post of the made-up SCAR-12 shotgun, with "SCR" being a confusingly similar and infringing use of the SCAR Mark, and with XII as the roman numeral format of the number 12 (the "Infringing SCRXII Mark").

51.     P.W. Arms' intentional violations of FN's rights in the SCAR Mark include P.W. Arms referring to its own firearm product as the "SCRXII Tactical Shotgun (SCAR TYPE)" as shown below:[8]

---

[8] Image captured from https://panzerarmsusa.com/product/panzer-arms-scrxii-semi-auto-12ga-tactical-shotgun-fde-flat-dark-earth-finish/ prior to P.W. Arms removing the "SCAR TYPE" language after receiving a cease-and-desist from FN. A true and correct copy of this website is attached hereto as **Exhibit 14**.



52.     Likewise, P.W. Arms describes the SCRXII Shotgun on its website as a clone of FN's SCAR firearm: "Panzer Arms SCR XII Tactical Semi-Auto 12-gauge Shotgun, serves as a SCAR clone that is expertly designed and crafted with a range of features to impress":[9]

---

[9] Image captured from https://panzerarmsusa.com/product/panzer-arms-scrxii-semi-auto-12ga-tactical-shotgun-fde-flat-dark-earth-finish/ prior to P.W. Arms removing the "SCAR TYPE" language after receiving a cease-and-desist from FN. A true and correct copy of this website is attached hereto as **Exhibit 14**.

# TACTICAL SHOTGUN – (SCAR TYPE)

The Panzer Arms SCR XII Tactical Semi-Auto 12 gauge Shotgun, serves as a SCAR clone that is expertly designed and crafted with a range of features to impress. The Mil-STD-1913 Picattiny Rail (T-Mark) ensures flexibility and compatibility with a range of accessories while the adjustable cheek piece adds to the comfort of the shooter. The Mobil Choke Threaded Muzzle and Push-Pull Button to Regulate the Gas Valve allow for quick switching between heavy and light shot-shell loads, making this one of the most versatile shotguns on the market.

53.     Moreover, P.W. Arms intentionally designed its packaging to use and trade off the goodwill of the SCAR Mark and FN Mark, labelling the SCRXII Shotgun box as "FN SCAR STYLE" in large, bold, capitalized letters on the front of the box as illustrated below:



54.     Not only does the box for the SCRXII Shotgun make infringing use of the FN and SCAR Mark, but even the instruction manual for the SCRXII Shotgun includes examples of P.W. Arms' willful infringement of the FN and SCAR Mark:



55.     P.W. Arms not only infringes FN's trademarks, but P.W. Arms also markets its

Infringing SCRXII Mark in connection with a semi-automatic shotgun that is nearly identical in

size, purpose, weight, feel, color, features, and style to the firearms marketed and sold by FN for

nearly fifteen (15) years under the FN and SCAR Mark.

56.     For example, the top-image below is a P.W. Arms SCRXII Shotgun offered under the Infringing SCRXII and FN Marks,[10] while the bottom-image below is a photograph of an FN rifle offered under its SCAR Mark.[11]



**Panzer SCRXII**



**FN SCAR**

57.     P.W. Arms' use of the Infringing SCRXII Mark and the FN Mark, or variations thereof with the same firearm products has caused and will continue to cause a likelihood of

---

[10] Image captured from https://panzerarmsusa.com/product/panzer-arms-scrxii-semi-auto-12ga-tactical-shotgun-fde-flat-dark-earth-finish/, a true and correct copy of which is attached hereto as **Exhibit 15** (last accessed December 20, 2024).

[11] Image captured from https://fnamerica.com/products/rifles/fn-scar-17s-nrch/, a true and correct copy of which is attached hereto as **Exhibit 10** (last accessed December 20, 2024).

confusion, mistake or deception, leading consumers to believe that there is some affiliation, association, or common source of sponsorship with FN's SCAR Mark for firearms or gun related items, or with FN's products, services, or business.

58.     The relevant consumers pronounce the "SCR" in the infringing SCRXII Mark as "SCAR," and recognize that the SCRXII Shotgun is an identical clone of the FN SCAR. *See* Micah Mayfield, THE 12 GAUGE SCAR ISN'T REAL; IT CAN'T HURT YOU…, https://www.youtube.com/watch?v=01WLhf-hatQ at 1:20 ("This isn't a SCAR-17, SCAR-16 . . . this is a SCAR 12.").

59.     One recent review of the SCRXII Shotgun refers to the SCRXII Shotgun as "The Fortnite SCAR, also known as the 12-guage SCAR, also known as copyright infringement, patent infringement, whatever you want to call it." *Id.* at 0:39.

60.     P.W. Arms's products are also of much lower quality and reliability than FN's SCAR Rifles, and P.W. Arms's firearms in general are considered low-cost firearms susceptible to jamming and other quality failures. In fact, people have referred to Panzer firearms, including the SCRXII Shotgun as a "polished turd" and make jokes online about the SCRXII Shotgun's inability to properly cycle ammunition, including by incorporating the SCAR Mark into jokes about the SCRXII reliability. For example, a single reddit thread discussing the SCRXII includes both:[12]

---

[12] Image captured from https://www.reddit.com/r/gundeals/comments/11xtpxp/shotgun_panzer_scrxii_12ga_tactical_semiauto/, a true and correct copy of which is attached hereto as **Exhibit 16** (last accessed December 20, 2024).





61. P.W. Arms's use of the Infringing SCRXII Mark, the FN Mark, or variations thereof will cause, and is likely to cause, confusion and mistake with FN's products and services, disseminated or sold in connection with FN's SCAR Mark, or FN's business so as to deceive consumers, the trade and others, and thereby constitutes an infringement of FN's rights through unfair competition.

62. Persons familiar with FN's well-known SCAR Mark and the business of FN and/or FN's products are likely to be confused, mistaken and/or to be deceived upon seeing P.W. Arms' Infringing SCRXII Mark and P.W. Arms' use of the FN Mark, and are likely to believe that P.W. Arms' business is endorsed by, sponsored by, or emanates from, or in some way is connected with FN or FN's business or with FN's SCAR Mark.

63. P.W. Arms also uses the Infringing SCRXII Mark on other marketing collateral in an effort to trade on the goodwill of the SCAR Mark, including social media posts that it distributes to relevant consumers. An example of one such post is included below and attached as **Exhibit 17**.



64.     Adding further confusion, P.W. Arms' social media is often inconsistent with how it refers to the SCRXII Shotgun and in its use of the Infringing SCRXII Mark, referring to it as the "Panzer SCR12," the "Panzer Arms SCR Pro," and the "SCR XII Pro." Evidence of each use is shown below:



**"Panzer Arms SCR Pro"**[13]



**"SCR XII PRO"**[14]



---

[13] **Exhibit 18.**

[14] **Exhibit 19.**

**"PANZER SCR12"**[15]

65.     P.W. Arms's SCRXII Shotgun is offered for sale on the same websites, through the same distributors, and even at the same brick and mortar stores as the products sold by FN in connection with the FN and SCAR Mark.

66.     P.W. Arms's use of the Infringing SCRXII Mark or variations thereof is without the FN's consent or permission.

67.     As a result of P.W. Arms' unfair, deceptive and infringing acts, FN has been irreparably harmed and, unless P.W. Arms' infringing activities are enjoined, FN will continue to suffer irreparable injury and harm to their property and goodwill.

68.     P.W. Arms' products designed or intended for sale under the Infringing SCRXII Mark move through multiple channels of trade that are similar or identical to those of FN's SCAR products, and are promoted to the same or similar classes of prospective purchasers or end-users.

69.     For example, FN understands that the P.W. Arms's products sold under the Infringing SCRXII Mark and FN Mark are advertised at the same trade shows such as the SHOT Show, on the same websites or other online or print articles and publications, at the same stores, by the same reviewers, and through the same vendors as the products sold by FN in connection with the longstanding SCAR Mark.

70.     P.W. Arms's use of the Infringing SCRXII Mark or variations thereof will continue to damage and diminish sales and reduce the value of the FN and SCAR Mark.

71.     P.W. Arms, with knowledge of the FN and SCAR Mark and in willful disregard of FN's trademark rights, is engaging in a deliberate course of conduct designed to appropriate the goodwill associated with the FN and SCAR Mark. P.W. Arms' actions will irreparably harm FN

---

[15] **Exhibit 20.**

by diminishing the reputation and goodwill of the FN and SCAR Mark. The public association of the FN and SCAR Mark with FN's products is so great that P.W. Arms' use of the FN and SCAR Mark and any variation of its Infringing SCRXII Mark will inevitably cause consumers to mistakenly believe that the P.W. Arms' products sold under the Infringing SCRXII Mark are produced, authorized, licensed, or sponsored by FN or that P.W. Arms is somehow connected with FN or FN's SCAR Mark.

72.    P.W. Arms has been engaged in the manufacture, distribution, provision, advertising, promotion, offering for sale, and sale of firearms using the Infringing SCRXII Mark throughout the United States, including in this jurisdiction.

73.    The sale or prospective sale by P.W. Arms of products or services under the Infringing SCRXII Mark or variations thereof will also blur and diminish the distinctive quality of FN's SCAR Mark and lessen FN's and the public's capacity to identify and distinguish the products and services of FN versus P.W. Arms.

*P.W. Arms's Infringement of the FN Design Patents.*

74.    Recognizing the extensive success and popularity of the SCAR Rifles, as well as the positive attention FN received from its April Fool's Day post, P.W. Arms sought to exactly copy Plaintiffs' innovative and distinctive designs in an effort to unfairly compete with and capitalize off of Plaintiffs' firearm designs.

75.    The Panzer SCRXII Shotgun, shown below, is nearly an identical copy of the FN SCAR, and incorporates all of the ornamental aspects of the FN Design Patents into its design. For example, the top-image below is a figure from the '824 Patent (**Exhibit 8**), while the bottom-image is a photograph of the Panzer SCRXII Shotgun[16]:

[16] Image captured from https://fnamerica.com/products/rifles/fn-scar-17s-nrch/, a true and correct



Fig. 5

**FIG 5. From '824 Patent**



**Panzer SCRXII**

76.     P.W. Arms intentionally copied the ornamental aspects of the FN Design Patents and is advertising the SCRXII Shotgun as a "SCAR Type," "FN SCAR STYLE," and "SCAR CLONE" firearm to intentionally copy FN's innovative and distinctive designs in an effort to unfairly compete with and capitalize off of FN's firearm designs.

77.     Many ordinary observers have noted the striking similarities between the FN SCAR and the SCRXII Shotgun. For example, after seeing the SCRXII at the 2024 SHOT Show, one

---

copy of which is attached hereto as **Exhibit 15** (last accessed December 20, 2024).

author from Guns.com noted that that "[t]he magazine-fed SCR-12 tactical shotgun closely resembles an FN SCAR," as illustrated below and shown in **Exhibit 21:**



The SCR-12 looks a lot like its pseudo-namesake, the FN SCAR.

The magazine-fed SCR-12 tactical shotgun closely resembles an **FN SCAR**. It has an ambidextrous charging handle, a gas regulation button on the forearm, and muzzle brake, along with a full-length Pic rail and flip-up sights.

The SCR-12 is available now and runs about $349, another screaming deal from Panzer.

78.     Likewise, during one recent review of the SCRXII Shotgun which has already gained 159k views, YouTube Gun reviewer @MicahMayfield (249k subscribers) stated that "[t]he Turks already stole the design from Benelli and made the Turk-nelli, and they have moved on to FN, Fabrique National, and *directly copied* one of the most beloved battle rifles ever, the FN SCAR-H." *See* Micah Mayfield, THE 12 GAUGE SCAR ISN'T REAL; IT CAN'T HURT YOU…, https://www.youtube.com/watch?v=01WLhf-hatQ at 0:49.

79.     Another recent review from Guns.com refers to the SCRXII as a "Budget SCAR-Shaped 12 Gauge," and notes the likeness of the SCRXII to the FN SCAR, stating: "Have you always wanted a SCAR shotgun chambered in 12 gauge? The Panzer Arms SCR is shaped like the FN SCAR, and it is a magazine-fed, semi-automatic 12-gauge shotgun at an excellent price."[17]

---

[17] Image captured from https://www.guns.com/news/reviews/panzer-arms-scr-xii-shotgun, a true and correct copy of which is attached hereto as **Exhibit 22** (last accessed December 20, 2024).



80.     Other consumers in online forums have referred to the SCRXII as the "SCAR mom said we had at home," called the SCRXII "Blasphemy," and have stated that "imitation is the highest form of flattery" as shown below.[18]



---

[18] Images captured from https://www.reddit.com/r/FNSCAR/comments/1fkvpjk/panzer_arms_made_the_scar_12/, a true and correct copy of which is attached hereto as **Exhibit 23** (last accessed December 20, 2024).



81.    Often, the same posts that discuss how similar the design of the SCRXII Shotgun is to the FN SCAR, also include discussions about the low quality and potential dangers associated with the SCRXII Shotgun, as illustrated in the comments below from **Exhibit 23**:[19]





82.    In some instances, the SCRXII Shotgun is referred to by customers as the "Poor Mans SCAR," indicating that it is what consumers should purchase when they want a firearm that looks like a FN SCAR, but without paying the higher price associated with the FN SCAR Rifles as illustrated by comments on Panzer's social media account, attached hereto as **Exhibit 24**:

---

[19] Images captured from
https://www.reddit.com/r/FNSCAR/comments/1fkvpjk/panzer_arms_made_the_scar_12/, a true and correct copy of which is attached hereto as **Exhibit 23** (last accessed December 20, 2024).



83.     Immediately after the 2024 SHOT Show and continuously since then, P.W. Arms has manufactured, sold, offered for sale, distributed, and marketed the SCRXII Shotgun that infringes the designs from the FN Design Patents to end consumers and/or distributors with the intent that these parties offer to sell and/or sell the SCRXII Shotgun.

84.     P.W. Arms has had actual knowledge of the FN Design Patents since at least October 10, 2024, the date on which counsel for FN notified counsel for P.W. Arms of the existence of the design patents via e-mail.

85.     In response to P.W. Arms's infringements, FN issued communications, demanding that P.W. Arms cease use of the Infringing SCRXII Mark, FN Mark and cease infringing the FN Design Patents and make changes to avoid confusion.

86.     P.W. Arms ultimately refused to cease its use of the Infringing SCRXII Mark or make sufficient changes to stop infringing the FN Design Patents.

87.     P.W. Arms continues to blatantly and willfully trade upon FN's goodwill in the FN Mark and SCAR Mark.

## COUNT I

**Infringement of FN's Federally Registered "SCAR" Trademarks**
**Lanham Act – 15 U.S.C. § 1114**

88.     FN realleges and incorporates herein by reference the allegations contained in the foregoing paragraphs of this Complaint as if set forth in full.

89.     Plaintiff FNH is the registered owner of the SCAR Registrations.

90.     The SCAR Registrations are incontestable pursuant to 15 U.S.C. § 1065.

91.     FN's SCAR Mark are valid and subsisting, and well recognized among relevant consumers as being associated with FN, and as a symbol of the goodwill of FN and its products.

92.     P.W. Arms' unauthorized use in commerce of the Infringing SCRXII Mark, or variations thereof as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of P.W. Arms' SCRXII Shotgun, and is likely to cause consumers to be confused and deceived into believing that P.W. Arms' goods/services are sold, authorized, endorsed, or sponsored by FN, or that P.W. Arms is in some way affiliated with or sponsored by FN. This is particularly true because the SCRXII Shotgun is designed to be an identical copy of the firearms sold by FN under the SCAR Mark. P.W. Arms' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

93.     P.W. Arms has committed the foregoing acts of infringement, and continues to infringe today, with full knowledge of FN's prior rights in the SCAR Mark and with the willful intent to cause confusion and trade on FN's goodwill.

94.     P.W. Arms has used and is continuing to use the Infringing SCRXII Mark despite being notified of FN's objection to P.W. Arms' use, thereby demonstrating its intent and purpose to trade upon the goodwill of FN's SCAR Mark.

95.     P.W. Arms' conduct is causing immediate and irreparable harm and injury to FN and to FN's goodwill and reputation and will continue to both damage FN and confuse the public unless enjoined by this Court. FN has no adequate remedy at law.

96.     P.W. Arms's infringing conduct is the proximate cause of damages to FN for which it is entitled to damages, the disgorgement of P.W. Arms's profits and FN's attorneys' fees.

## <u>COUNT II</u>

**Infringement of FN's Federally Registered "FN" Trademarks**
**Lanham Act – 15 U.S.C. § 1114**

97.     FN realleges and incorporates herein by reference the allegations contained in the foregoing paragraphs of this Complaint as if set forth in full.

98.     Plaintiff FNH is the registered owner of the FN Registration.

99.     The FN Registration are incontestable pursuant to 15 U.S.C. § 1065.

100.    The FN Mark is valid and subsisting, and well recognized among relevant consumers as being associated with FNH and FNA, and as a symbol of the goodwill of FN and its products.

101.    P.W. Arms's unauthorized use in commerce of the FN Mark, or variations thereof as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of P.W. Arms' SCRXII Shotgun, and is likely to cause consumers to be confused and deceived into believing that P.W. Arms's goods/services are sold, authorized, endorsed, or sponsored by FN, or that P.W. Arms is in some way affiliated with or sponsored by FN. This is particularly true because the SCRXII Shotgun is designed to be an identical copy of the firearms sold by FN under

the SCAR Mark. P.W. Arms's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

102.    P.W. Arms has committed the foregoing acts of infringement, and continues to infringe today, with full knowledge of FN's prior rights in the FN Mark and with the willful intent to cause confusion and trade on FN's goodwill.

103.    P.W. Arms's conduct is causing immediate and irreparable harm and injury to FN and to FN's goodwill and reputation and will continue to both damage FN and confuse the public unless enjoined by this court. FN has no adequate remedy at law.

104.    P.W. Arms's infringing conduct is the proximate cause of damages to FN for which it is entitled to damages, the disgorgement of P.W. Arms's profits and FN's attorneys' fees.

**COUNT III**

**Unfair Competition**
**Lanham Act – 15 U.S.C. §§ 1125(a)**

105.    FN realleges and incorporates herein by reference the allegations contained in the foregoing paragraphs of this Complaint as if set forth in full.

106.    P.W. Arms's unauthorized use in commerce of the FN Mark, the SCAR Mark, the Infringing SCRXII Mark, and infringement of the FN Design Patents constitutes a false designation of origin and a false or misleading representation of fact that is likely to confuse or deceive consumers, or cause consumers to believe mistakenly that P.W. Arms and/or its goods are made or produced and/or its services are offered by FN or are otherwise affiliated, connected, or associated with, or sponsored or approved by FN, and therefore constitutes unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a).

107.    P.W. Arms's use in commerce of the FN Mark, the SCAR Mark, the Infringing SCRXII Mark, and infringement of the FN Design Patents, in connection with P.W. Arms'

marketing, distribution, promotion and sale to the consuming public of P.W. Arms' products constitutes a misappropriation of the distinguishing and identifying features which FN created through substantial effort and expense, thus evoking from the trade, consumers and others an immediate commercial impression or association favorable to P.W. Arms, based on and derived from the FN Mark or SCAR Mark and the goodwill associated therein.

108.    P.W. Arms's use of the FN Mark, the SCAR Mark, the Infringing SCRXII Mark, and infringement of the FN Design Patents constitutes false representations that P.W. Arms has some connection or association with, or sponsorship by FN, and that the services and products identified with FN are available from P.W. Arms.

109.    Said actions of P.W. Arms constitute violations of 15 U.S.C. §1125(a) in that such false designation and representations of origin and quality are used on or in connection with the products that P.W. Arms causes to enter into, or to affect commerce, which may lawfully be regulated by Congress.

110.    P.W. Arms has used and is continuing to use the FN Mark, the SCAR Mark, and the Infringing SCRXII Mark, while infringing FN Design Patents with full knowledge of FN's trademark rights in the FN Mark and the SCAR Mark, as well as FN's patent rights in the FN Design Patents, despite FN's objections. Said actions by P.W. Arms are with an intent and purpose to trade upon the goodwill of FN, and are thus willful and deliberate.

111.    P.W. Arms's conduct is causing immediate and irreparable harm and injury to FN and to FN's goodwill and reputation and will continue to both damage FN and confuse the public unless enjoined by this court. FN has no adequate remedy at law.

## COUNT IV

**Patent Infringement - U.S. Patent No. D641,824**
**35 U.S. Code § 271(a)**

112.     FN realleges and incorporates herein by reference the allegations contained in the foregoing paragraphs of this Complaint as if set forth in full.

113.     P.W. Arms has directly infringed and continues to infringe, either literally or through the doctrine of equivalents, the '824 Patent by importing the SCRXII Shotgun into the United States or by making or having made, using, offering to sell and/or selling the SCRXII Shotgun within the United States, including in this judicial district, in violation of 35 U.S.C. § 271(a)

114.     These acts of P.W. Arms as alleged herein constitute direct infringement of FN's '824 Patent under 35 U.S.C. § 271(a), for which P.W. Arms has no permission, license, or consent from FN.

115.     FN has suffered damages by reason of P.W. Arms' infringement of the '824 Patent for which FN is entitled to relief, including under 35 U.S.C. §§ 284 and 289, and FN will suffer additional and irreparable damages unless P.W. Arms is enjoined by this Court from continuing the infringement of the '824 Patent.

116.     P.W. Arms's acts of infringement have caused and continue to cause irreparable harm to FN, and FN does not have an adequate remedy at law. P.W. Arms will continue to infringe the '824 Patent unless enjoined by the Court, and FN is entitled to an injunction pursuant to 35 U.S.C. § 283 restraining P.W. Arms, its officers, agents, employees, and all persons acting in concert with them from engaging in further infringement of the '824 Patent.

117.     FN is entitled to recover damages sustained as a result of P.W. Arms' infringement of the '824 Patent that are adequate to compensate for the infringement pursuant to 35 U.S.C. §

284, and damages for infringement of a design patent, including all of P.W. Arms' profits resulting from the infringement pursuant to 35 U.S.C. § 289, but in any event no less than a reasonable royalty pursuant to 35 U.S.C. § 284.

118.     The circumstances of this case justify enhanced damages under 35 U.S.C. § 284, of up to three times the damages found or assessed, with the appropriate resulting award. P.W. Arms has been informed of the existence of the '824 Patent, as well as its infringement of the patents, and continues to sell its SCRXII Shotgun products with full knowledge of its infringement. FN is entitled to recover enhanced damages of up to three times the amount found or assessed pursuant to 35 U.S.C. § 284.

119.     The circumstances of P.W. Arms's infringement of the '824 Patent render this case an exceptional case under 35 U.S.C. § 285, with the appropriate resulting award. P.W. Arms has been informed of the existence of the '824 Patent as well as its infringement of this patent. P.W. Arms continues to sell its SCRXII Shotgun with full knowledge of its infringement. FN is entitled to recover its costs, expenses, and reasonable attorneys' fees incurred in bringing the present action pursuant to 35 U.S.C. § 285.

## COUNT V

**Patent Infringement - U.S. Patent No. D641,825**
**35 U.S. Code § 271(a)**

120.     FN realleges and incorporates herein by reference the allegations contained in the foregoing paragraphs of this Complaint as if set forth in full.

121.     P.W. Arms has directly infringed and continues to infringe, either literally or through the doctrine of equivalents, the '825 Patent by importing the SCRXII Shotgun into the United States or by making or having made, using, offering to sell and/or selling the SCRXII

Shotgun within the United States, including in this judicial district, in violation of 35 U.S.C. § 271(a)

122.    These acts of P.W. Arms as alleged herein constitute direct infringement of FN's '825 Patent under 35 U.S.C. § 271(a), for which P.W. Arms has no permission, license, or consent from FN.

123.    FN has suffered damages by reason of P.W. Arms's infringement of the '825 Patent for which FN is entitled to relief, including under 35 U.S.C. §§ 284 and 289, and FN will suffer additional and irreparable damages unless P.W. Arms is enjoined by this Court from continuing the infringement of the '825 Patent.

124.    P.W. Arms's acts of infringement have caused and continue to cause irreparable harm to FN, and FN does not have an adequate remedy at law. P.W. Arms will continue to infringe the '825 Patent unless enjoined by the Court, and FN is entitled to an injunction pursuant to 35 U.S.C. § 283 restraining P.W. Arms, its officers, agents, employees, and all persons acting in concert with them from engaging in further infringement of the '825 Patent.

125.    FN is entitled to recover damages sustained as a result of P.W. Arms' infringement of the '825 Patent that are adequate to compensate for the infringement pursuant to 35 U.S.C. § 284, and damages for infringement of a design patent, including all of P.W. Arms' profits resulting from the infringement pursuant to 35 U.S.C. § 289, but in any event no less than a reasonable royalty pursuant to 35 U.S.C. § 284.

126.    The circumstances of this case justify enhanced damages under 35 U.S.C. § 284, of up to three times the damages found or assessed, with the appropriate resulting award. P.W. Arms has been informed of the existence of the '825 Patent, as well as its infringement of this patent, and continues to sell its SCRXII Shotgun products with full knowledge of its infringement. FN is

entitled to recover enhanced damages of up to three times the amount found or assessed pursuant to 35 U.S.C. § 284.

127.    The circumstances of P.W. Arms's infringement of the '825 Patent render this case an exceptional case under 35 U.S.C. § 285, with the appropriate resulting award. P.W. Arms has been informed of the existence of the '825 Patent as well as its infringement of these patents. P.W. Arms continues to sell its SCRXII Shotgun with full knowledge of its infringement. FN is entitled to recover its costs, expenses, and reasonable attorneys' fees incurred in bringing the present action pursuant to 35 U.S.C. § 285.

## COUNT VI

### Violation of South Carolina's Unfair Trade Practices Act,
### S.C. Code §§ 39-5, et seq

128.    FN realleges and incorporates herein by reference the allegations contained in the foregoing paragraphs of this Complaint as if set forth in full.

129.    At all relevant times, P.W. Arms has been and continues to be engaged in commerce in South Carolina as defined by § 39 of the South Carolina General Statutes, including at least through the marketing and sale of firearms infringing the FN Design Patents and bearing the Infringing SCRXII Mark to relevant consumers in South Carolina, including in this District.

130.    The wrongful conduct of P.W. Arms in commerce in South Carolina and elsewhere, as alleged herein and above, constitutes unfair and/or deceptive acts or practices, which has injured and will continue to injure FN, and which has resulted and will continue to result in damages to FN.

131.    As a direct and proximate result of this unfair and deceptive conduct, FN has been damaged and is entitled to a judgment against P.W. Arms for actual damages, and those damages are to be trebled pursuant to S.C. Code §§ 39-5-140.

132.    FN is also entitled to an award of its attorneys' fees pursuant to § 39-5-140.

## COUNT VII

### Trademark Infringement Under South Carolina Common Law

133.    FN realleges and incorporates herein by reference the allegations in the foregoing paragraphs of this Complaint as if set out in full.

134.    In addition to FN's rights in the FN Mark and the SCAR Mark covered by their respective registrations, FN also owns common law rights in the FN and SCAR Mark by virtue of the exclusive and continuous use by Plaintiffs of the FN and SCAR Mark in relation to FN's goods and services, including firearms and related goods and services.

135.    The FN and SCAR Mark are associated in the minds of relevant consumers with FN's provision of its firearms and related goods and services.

136.    P.W. Arms's use of the FN and SCAR Mark and the Infringing SCRXII Mark in relation to identical goods and services is causing and is likely to continue to cause substantial consumer confusion, and infringes FN's common law rights in its FN and SCAR Mark.

137.    P.W. Arms's wrongful acts have caused and will continue to cause harm and damage to FN.

138.    P.W. Arms's wrongful acts have caused and will continue to cause irreparable injury and harm to FN if P.W. Arms is not restrained by this Court from further violation of FN's rights.

139.    FN's remedy at law is not by itself adequate, and FN has suffered and will continue to suffer irreparable harm such that FN is entitled to injunctive relief.

## DEMAND FOR JURY TRIAL

140.    FN requests trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, FN prays for judgment as follows:

1.     That P.W. Arms, its respective directors, officers, agents and employees, successors and assigns and all others acting in knowing concert with them, be permanently restrained and enjoined from:

a)     marketing, advertising, displaying, selling, or distributing products using the FN Mark, the SCAR Mark, the Infringing SCRXII Mark, and/or any variations thereof, alone or in combination with any other word, design or name, or any other mark which incorporates these marks or a confusingly similar version thereof in a manner which is likely to cause confusion, mistake or deception with the FN and SCAR Mark owned by FN;

b)     otherwise infringing the FN Mark or SCAR Mark;

c)     engaging in any other or further acts of unfair competition against FN;

d)     engaging in any deceptive trade practices in the offering of goods under the FN Mark, the SCAR Mark, the Infringing SCRXII Mark, or any other variations or simulations of the FN Mark or SCAR Mark;

e)     engaging in any deceptive business practice in the offering of goods under the FN Mark, the SCAR Mark, the Infringing SCRXII Mark, or any other variations or simulations of the FN Mark or SCAR Mark; and

f)     filing any trademark applications for the Infringing SCRXII Mark or any other variations or simulations of the FN Mark or SCAR Mark.

2.     A judgment that P.W. Arms has infringed the patented designs claimed in the FN Design Patents Patent in violation of 35 U.S.C. § 271(a) and is liable for all remedies, therefore.

3.      A judgment that P.W. Arms actions in infringement of the FN Design Patents were willful, intentional and knowing, including in violation of 35 U.S.C. § 281.

4.      The issuance of a preliminary and permanent injunction enjoining P.W. Arms, any of its respective officers, agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, customers, distributors, affiliates, subsidiaries, successors, and assigns, and all persons acting in concert or participation with any of them, and any entity owned or controlled by P.W. Arms, who receives actual notice of the order by personal service or otherwise, from the continuing infringements of the claim of the FN Design Patents pursuant to 35 U.S.C. § 283, or from using FN's patented designs or any substantially similar variation thereof in connection with the manufacture, production, dissemination, or distribution importation, sale, offer for sale, of any firearm-related products; or from assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to herein or taking any action that contributes to any of the activities referred to herein.

5.      That the Court in accordance with its judgement direct the United States Customs Service to block all importation of unauthorized articles which infringe the FN Design Patents.

6.      That that the Court order an accounting of the total profit of P.W. Arms arising from P.W. Arms' aforementioned infringement of FN's Design Patents, and that such total profits be awarded to FN pursuant to 35 U.S.C. § 289; or alternatively that the Court order an accounting for all monies received by or on behalf of P.W. Arms and all damages sustained by FN as a result of P.W. Arms' aforementioned infringements alleged pursuant to 35 U.S.C. § 271(a), and that such monies and damages be awarded to FN.

7.      That P.W. Arms be directed to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements, firearms, or other materials in its possession or

custody and control which are within the United States of America, its territories and possessions, which display the FN Mark, the SCAR Mark, the Infringing SCRXII Mark, or any other variations or simulations of the FN Mark or SCAR Mark, and all means of making or affixing the same pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118.

8.    That FN be awarded a full disgorgement of the profits secured by P.W. Arms as a result of its unlawful activities pursuant to 15 U.S.C. § 1117, and that said award be trebled as provided by law.

9.    That FN be awarded its actual and consequential damages in an amount according to proof at trial.

10.    That FN be awarded treble damages as provided under 15 U.S.C. § 1117 and/or S.C. Code §§ 39-5-140.

11.    That FN be awarded their costs incurred in this action, including its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and/or S.C. Code §§ 39-5-140.

12.    That FN be awarded pre-judgement and post judgement interest and costs as allowed by law.

13.    That P.W. Arms be required to file with this Court and serve upon FN within thirty (30) days after entry of the order of judgment a report, in writing and under oath, setting forth the manner and form of P.W. Arms' compliance with the Court's order.

14.    That FN have such other and further relief as is warranted by the facts established at trial or which this Court may deem as just and equitable.

*[Signature block on the following page.]*

This 23rd day of December 2024.

Respectfully submitted,

**WILLIAMS MULLEN**

By: *s/ Richard H. Willis*
Richard H. Willis
Federal Bar No.: 4700
rwillis@williamsmullen.com
1230 Main Street, Suite 330
Columbia, SC 29201
T: 803-567-4611

*Attorneys for Plaintiffs*