UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, COLUMBIA, SC
2025 NOV -6  PM 12: 32

# For the attention to Court Clerk: Robin L. Blume

**Docket No.**        : Civil Action No.: 3:24-cv-07589-JFA

**Subject Matter**    : Defendant Ege Group Defense Industry and Foreign Trade Ltd. Co.'s Response to Plaintiffs' First Amended Complaint

EGE Group Defense Industry and Foreign Trade Ltd. Co.
Barbaros Mahallesi 388 Sokak No.1C 3571
Menders İzmir Türkiye
ali@egearms.com
mehmet@egearms.com
ertugrul@egearms.com
ozan@egearms.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

FN HERSTAL, S.A., and FN AMERICA, LLC,

*Plaintiffs,*

Civil Action No.: 3:24-cv-07589-JFA

*v.*

P.W. ARMS, INC. d/b/a PANZER ARMS USA,
EGE GROUP DEFENSE INDUSTRY AND FOREIGN
TRADE LTD. CO., and HUNT GROUP ARMS

*Defendants*

October 29, 2025

Dear Robin L. Blume
Clerk of the Court,

**Dear Ms. Robin L. Blume,
Clerk of the Court**

Annex is **defendant EGE Group Defense Industry and Foreign Trade Ltd. Co.'s Response to** Plaintiffs' First Amended Complaint.

EGE Group wishes to formally express its concern regarding information provided by a lawyer in Türkiye, who erroneously stated that, following the email service of the summons, the official service would be effected through the Ministry of Justice. Relying on this guidance, we awaited the official service via the Ministry of Justice while simultaneously seeking a U.S.-based law firm. Consequently, we may have inadvertently missed the 21-day deadline.

EGE Group also wishes to inform the Court that it has made good-faith efforts to obtain legal representation, having contacted multiple law firms; however, at this time, we are unable to afford the substantial fees quoted by those firms. Accordingly, we are proceeding **pro se** until such representation becomes financially feasible.

**We would greatly appreciate your guidance on whether the annexed petition must be resubmitted via mail to the Court and advice on the appropriate next steps for us to pursue in this matter.**

Thank you very much for your attention and assistance.

Kind regards,

**EGE Group Defense Industry and Foreign Trade Ltd. Co.**
Barbaros Mahallesi 388 Sokak No.1C 3571
Menders İzmir Türkiye
ali@egearms.com
mehmet@egearms.com
ertugrul@egearms.com
ozan@egearms.com

*[Signature]*
EGE GROUP SAVUNMA SANAYİ
VE DIŞ TİCARET LTD. ŞTİ.
Barbaros Mah. 388 Sk. No:1
Menderes / İZMİR
Menderes V.D.. 325 093 55

*[Signature]*
EGE GROUP SAVUNMA SANAYİ
VE DIŞ TİCARET LTD. ŞTİ.
Barbaros Mah. 388 Sk. No:1
Menderes / İZMİR
Menderes V.D.. 325 093 55

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

FN HERSTAL, S.A., and FN AMERICA, LLC,

*Plaintiffs,*

Civil Action No.: 3:24-cv-07589-JFA

*v.*

P.W. ARMS, INC. d/b/a PANZER ARMS USA,
EGE GROUP DEFENSE INDUSTRY AND FOREIGN
TRADE LTD. CO., and HUNT GROUP ARMS

*Defendants*

### DEFENDANT EGE GROUP DEFENSE INDUSTRY AND FOREIGN TRADE LTD. CO.'S RESPONSE TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant EGE Group Defense Industry and Foreign Trade Ltd. Co. ("EGE Group"), by and through its authorized representative, hereby submits its Response to the First Amended Complaint filed by Plaintiffs FN Herstal, S.A. ("FNH") and FN America, LLC ("FNA") (collectively, "Plaintiffs" or "FN"), and respectfully states as follows:

1.  EGE Group expressly denies each and every allegation, claim, and assertion contained in Plaintiffs' First Amended Complaint. EGE Group specifically denies that it has engaged in any act of trademark infringement, contributory infringement, unfair competition,

1

design patent infringement, or any other wrongful conduct alleged by Plaintiffs. EGE Group further denies that it has used any of Plaintiffs' trademarks, trade dress, or intellectual property in any unlawful manner or that it has sought to trade upon FN's goodwill, reputation, or brand recognition. The allegations of copying, imitation, or deceptive trade practices are wholly unfounded and without merit.

### Lack of Personal and In Rem Jurisdiction Over Ege Group

2. Under U.S. law, the exercise of personal jurisdiction over a defendant must comply with the Due Process Clause of the Fifth and Fourteenth Amendments. As established in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), a defendant must have sufficient minimum contacts with the forum such that maintaining the suit does not offend traditional notions of fair play and substantial justice. Mere participation in general commerce or the stream of commerce is insufficient, as clarified in *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980), and *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102 (1987). **EGE Group has no employees, agents, branch offices, liaison offices, property, assets, or bank accounts in the United States** and has not purposefully directed any activities toward this forum. Accordingly, this Court lacks personal, subject matter or in rem jurisdiction over EGE Group, and any attempt to assert such jurisdiction would violate due process under the Constitution (*Shaffer v. Heitner*, 433 U.S. 186 (1977)).

3. Furthermore, EGE has not directly marketed, sold, or distributed these shotguns in the United States, nor has it targeted the U.S. market in any manner. EGE Group has never participated in the Shot Show or any other trade exhibition in the United States **as exhibitor** and has therefore never displayed this firearm in the U.S. market. Furthermore, this

2

firearm has never appeared in EGE Group's product portfolio, on its website, or on any of its social media platforms. EGE Group does not participate in trade fair as an exhibitor; it does not open any booth, nor does it display or promote products. EGE Group has attended trade fairs solely as a visitor. Visitor badges were provided by P.W. EGE Group has never operated a booth at any trade show. Hunt Group and P.W., however, open booths and exhibit products. Hunt Group has been exhibiting this product at the Shot Show since 2024.

4.     The statements of the Plaintiffs on pages 6-7, §§ 21-22 of their First Amended Complaint are incorrect. It is true that EGE Group published an Instagram post as follows:



5.     However, this post clearly demonstrates that EGE Group participated solely as a **visitor** and **did not open a booth or exhibit any products**. Moreover, the Plaintiffs' statements on pages 7-10, §§ 21-22 of their First Amended Complaint, claiming that EGE Group opened a booth or displayed products, are inaccurate. **Had EGE Group opened a booth at the Shot Show Fair, the Instagram post would have included details such as the**

3

**booth number and hall information,** clearly indicating their exhibitor status, as shown below:



6.  Although the Plaintiffs claim that Ege Group opened a booth at the Shot Show Fair, they have failed to prove these allegations. Moreover, the photographs on pages 7-10 of their complaint refute these claims. Additionally, if the Plaintiffs had contacted the NSSF, the organizer of the Shot Show, they would have learned that Ege Group did not open a booth or exhibit any products at the Shot Show and participated only as a visitor. Our participation as visitors was made possible by visitor badges provided by P.W.

7.  The photos included in the Plaintiffs' statements on pages 8, 9, 10, and 11 of their First Amended Complaint indicate that Hunt Group participated in the Shot Show Fair, opened a booth, and exhibited products. However, there are no photos showing that EGE Group participated as an exhibitor or had a booth at the event.

8.    EGE Group's official website, www.egearms.com, has never displayed, shared, promoted, or marketed any of the products that are the subject of this lawsuit.

9.    The responsibility for importing and distributing the firearm within the United States rests exclusively with P.W. Arms.

10.    Therefore, it is evident that EGE Group has not engaged in any commercial or exhibition activities within the United States market other than attending the Shot Show solely as a visitor. EGE Group has never opened a booth, displayed, promoted, or marketed any products at the event or elsewhere in the United States. The photographs and materials provided by the Plaintiffs themselves confirm that the booths and product exhibitions belong to Hunt Group, not EGE Group. Furthermore, EGE Group's official website, www.egearms.com, contains no images, publications, or marketing materials related to the products that are the subject of this lawsuit. EGE Group does not target the U.S. market and has made no efforts to sell, advertise, or promote any of its products in the United States. These facts clearly demonstrate that EGE Group has neither business presence nor commercial activity targeting the U.S. market. Accordingly, this Honorable Court lacks personal, subject matter and in rem jurisdiction over EGE Group, and the claims asserted against it should therefore be dismissed in their entirety.

11.    EGE Group has no commercial presence, activity, or targeting of the U.S. market. It has never opened a booth, displayed, promoted, or marketed any products in the United States, and it has no branches, liaison offices, property, or agents within the country. Accordingly, this Court lacks personal, subject matter and in rem jurisdiction over EGE Group, and the claims asserted against it should be dismissed in their entirety.

## Ege Group Functions Exclusively as an Intermediary, Without Any Role as Producer or Designer

12.     EGE Group is **not the manufacturer** of the shotguns at issue; the shotguns were manufactured by Hunt Group. EGE Group is also not the actual seller of shotguns, as the **responsibility for importation and distribution within the United States rests solely with P.W. Arms**. EGE Group purchases finished products from Hunt Group, including those with packaging designs confirmed by P.W. Arms. EGE Group operates solely as a trading **intermediary company**, facilitating export transactions between Turkish manufacturers and foreign importers, and was unaware of the situation in the United States prior to FN's complaint. EGE Group has never participated in the Shot Show or any other trade exhibition in the United States and has therefore never displayed shotguns in the U.S. market. Furthermore, this firearm has never appeared in EGE's product portfolio, on its website, or on any of its social media platforms.

13.     EGE Group specifically states that it **is not a producer, designer, or manufacturer of firearms**. Rather, **EGE Group acts solely as an intermediary**, facilitating lawful **business connections between independent producers and final buyers** within the defense and sporting arms industry. EGE Group's role is limited to commercial brokerage and export coordination and does not involve the design, manufacture, or branding of any firearm products identified in Plaintiffs' Complaint.

14.     **Another significant point is that EGE Group holds no license or authorization to design or manufacture shotguns or firearms. The company was established solely to act as a trading intermediary**. Under Turkish law, any entity engaged

6

in the design or production of firearms must obtain the necessary licenses and permits from the relevant state authorities. An official inquiry by this Court, through the Turkish Consulate or Embassy, would readily confirm that EGE Group is not, and has never been, engaged in the design or manufacture of shotguns or firearms. **Hunt Group designed the shotguns [Exhibit 1] and filed an application with the Turkish Patent Institution [Exhibit 2]. This clearly demonstrates that EGE Group was never involved in the design or production of the shotguns.**

15.     EGE Group is not the designer or producer of the firearm at issue and has not contributed in any way to its technical or aesthetic design. EGE Group has no ownership, control, or authority over the Panzer brand and plays no role in how the brand is represented in the United States. Upon learning of the dispute between P.W. Arms and FN, EGE Group immediately ceased all intermediary services for sales to the United States, regardless of the brand.

16.     In the ordinary course of its business, and in order to conduct its legitimate intermediary activities, EGE Group participates in various fairs held annually in the United States as VISITOR but not EXHIBITOR. Such participation is solely for the purpose of networking, promoting legitimate trade opportunities, and connecting manufacturers with potential buyers, and does not involve the design, branding, or production of any shotguns products. The responsibility for importing and distributing the shotguns within the United States rests exclusively with P.W. Arms.

17.     It is unreasonable to hold an intermediary, having no affiliation with or involvement in any stage of production or design, responsible for the alleged conduct of

7

others. Without participation in recognized trade fairs, an intermediary would have no practical means to establish lawful and transparent connections between producers and potential buyers. Accordingly, the plaintiffs' assertion that Ege Group participates in the fairs to sell infringing goods is utterly baseless, entirely without merit, frivolous, and has no legal foundation whatsoever. The plaintiffs have unduly ascribed a highly negative connotation to mere participation in fairs. Were an intermediary truly intent on unlawfully selling patent-infringing products, it would be wholly illogical to participate in fairs as a means of promoting such activity. This allegation is contrary to the ordinary course of business and places the intermediary in an unreasonable and untenable position, highlighting the absurdity of the plaintiffs' claim. It is entirely unreasonable to attribute liability for patent or similar intellectual property infringement to an intermediary that has no knowledge, whether direct or indirect, of the design or production process. Assigning such blame disregards the intermediary's limited role and contradicts basic principles of fairness and reasonableness. Therefore, all claims of the plaintiffs regarding infringement are wholly rejected by Ege Group, as they are baseless and contrary to both fact and law.

18.     Our extensive investigation demonstrates that: (1) **There is a distinction between shotguns and rifles. That is the reason why shotguns are civilian products and rifles are military products. The plaintiffs products are rifles and products produced by Hunt Group are shotguns.** If the products produced by Hunt Group were military nature, they had to get bureaucratic process and obtain various permissions. **(2) The external design measurements of the shotguns produced by Hunt Group and rifles produced by the plaintiffs do not match. (3) Their internal mechanisms, calibers, and components are not similar. (4) FN's rifles are military products, whereas the shotguns manufactured by Hunt Group is intended solely for hunting and recreational purposes and cannot, under**

**any circumstances, be used for military purposes. It is therefore inconceivable to claim that a shotgun designed for hunting and recreational use is a counterfeit product of a rifle designed for military use. The FN SCAR is a refile utilized by the Belgian Armed Forces. The Bureau of Alcohol, Tobacco, Firearms and Explosives (BATF) has already distinguished between rifles intended for military use, such as FN firearms, and those shotguns produced by Hunt Group for hunting and recreational purposes.**

19.     In accordance with the search that EGE Group conducted the Plaintiffs, **FN never use design, produce or sale SCAR model for shotguns. Therefore, all claims relevant this subject are not correct.**

20.     **A total of 1,100 units manufactured by Hunt Group were sold via Ege Group to P.W. Arms. Ege Group received ten (10) U.S. dollars per unit. The claim that this quantity constitutes a commercially significant effect on the U.S. market is plainly untenable. The plaintiffs have deliberately failed to disclose the number of shotguns that P.W. Arms imported into the United States.** Accordingly, it is impossible to assert that Ege Group—acting solely as intermediary in a transaction of this size—directly or indirectly influenced the U.S. market.

21.     The Plaintiffs' allegations in all counts are entirely rejected, including Count 1: infringement of FN's federally registered "SCAR" trademarks (15 U.S.C. § 1114); Count 2: infringement of FN's federally registered "FN" trademarks (15 U.S.C. § 1114); Count 3: contributory infringement of FN's federally registered "SCAR" trademarks (15 U.S.C. § 1114); Count 4: contributory infringement of FN's federally registered "FN" trademarks (15 U.S.C. § 1114); Count 5: unfair competition (15 U.S.C. § 1125(a)); Count 6: patent

infringement of U.S. Patent No. D641,824 (35 U.S.C. § 271(a)); Count 7: induced patent infringement of U.S. Patent No. D641,824 (35 U.S.C. § 271(b)); Count 8: induced patent infringement of U.S. Patent No. D641,825 (35 U.S.C. § 271(b)); Count 9: violations of South Carolina's Unfair Trade Practices Act (S.C. Code §§ 39-5 et seq.); and Count 10: trademark infringement under South Carolina common law.

22. EGE Group further states that it has made good-faith efforts to obtain legal representation in this matter, having contacted multiple law firms for assistance; however, at this time, it is unable to afford the substantial legal fees quoted by those firms and therefore proceeds pro se until such representation becomes financially feasible.

24. Furthermore, **service of summons must be effected in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters** (the "Hague Service Convention"). Therefore, EGE Group does not accept service of the amended complaint through plaintiffs' counsel. However, out of respect for the Court, EGE Group is submitting this communication in response to the correspondence and documents transmitted pursuant to the letter signed by the Court Clerk, **Robin L. Blume (s/ Jennifer Peterson), dated September 25, 2025.**

23. Notwithstanding the facts outlined above, EGE Group is committed to pursuing an amicable resolution and avoiding unnecessary litigation. Although it acts solely as an intermediary and has no role in the design or production of firearms, EGE Group is ready to communicate directly with FN America and FN Herstal and contribute to resolving the dispute. The purpose of EGE Group is to clarify that it operates only as an intermediary, is not involved in any design or production processes, explore out-of-court settlement and resolution

options, and, through cooperation and negotiation, resolve the dispute, if possible, while preserving the reputation and commercial integrity of all parties involved.

24.     Ege Group expressly reserves all rights to pursue any and all legal remedies, including counterclaims, resulting from these false and unfounded accusations.

25.     We respectfully submit to this Honorable Court that, as a foreign-based entity, our English may not be perfect, and we are grateful for the Court's understanding and patience.

## PRAYER FOR RELIEF

WHEREFORE, the Defendant EGE Group respectfully prays for judgment as follows:

1.  This Honorable Court lacks both personal, subject matter and in rem jurisdiction over EGE Group, and the claims asserted against it should therefore be dismissed in their entirety;

2.  EGE Group respectfully requests that the Court recognize that **service of summons must be effected in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters** (the "Hague Service Convention");

3.  EGE Group respectfully requests that the Court acknowledge that **EGE Group does not accept service of the amended complaint through plaintiffs' counsel**; and

4. EGE Group respectfully requests that the Court consider this submission **in response to the correspondence and documents transmitted pursuant to the letter signed by the Court Clerk, Robin L. Blume (s/ Jennifer Peterson), dated September 25, 2025**, out of respect for the Court.

5. Enter judgment in favor of the Defendant and against the Plaintiffs;

6. Dismiss all counts of the Plaintiffs' complaint in their entirety with prejudice;

7. Award the Defendant all costs and attorneys' fees arising from this action, to be borne solely by the Plaintiffs;

8. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 29th day of October, 2025, Istanbul, Türkiye.

EGE Group Defense Industry and Foreign Trade Ltd. Co.
Barbaros Mahallesi 388 Sokak No.1C 3571
Menders İzmir Türkiye
ali@egearms.com
mehmet@egearms.com
ertugrul@egearms.com
ozan@egearms.com

12